No. 25-10973-G

In the

# United States Court of Appeals for the Eleventh Circuit

BOE, ET AL. V. MARSHALL, ET AL.,
(IN RE: MELODY H. EAGAN & JEFFREY P. DOSS)

_____

On Appeal from the United States District Court
for the Middle District of Alabama
(Case No. 2:22-CV-184-LCB-CWB)

_____

**APPELLANTS MELODY H. EAGAN AND JEFFREY P. DOSS'
RESPONSE TO JURISDICTIONAL QUESTION**

_____

Richard Klugh
Jennifer Wilson
KLUGH WILSON
40 NW Third Street, PH 1
Miami, Florida 33128
Tel: (305) 536-1191
rickklu@aol.com
jw.klughlaw@gmail.com

Robert B. Remar
SMITH GAMBRELL &
RUSSELL, LLP
1105 West Peachtree Street NE
Suite 1000
Atlanta, Georgia 30309
Tel: (404) 815-3568
rremar@sgrlaw.com

*David Oscar Markus
MARKUS/MOSS PLLC
40 NW Third Street, PH 1
Miami, Florida 33128
Tel: (305) 379-6667
dmarkus@markuslaw.com

*Counsel of record for Appellants
Eagan and Doss*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 and 26.1-3, Appellants Melody H. Eagan and Jeffrey P. Doss state that they are individuals and that the following persons or entities may have an interest in the outcome of this appeal:

Alliance Defending Freedom – Counsel for Defendants

Assaf, Eugene F. – Counsel for Respondent

Austin, Sarah – Counsel for Plaintiff

Badham & Buck LLC – Counsel for Respondent

Bailey, Daryl D. – Defendant

Bainbridge Mims Rogers & Smith LLP – Counsel for Respondent

Balkoski, Katherine – Counsel for Respondent

Barnes, Brian W. – Counsel for Defendants

Beaverstock, Hon. Jeffrey U. – U.S. District Judge

Berg, Rachel – Counsel for Plaintiff

Bowdre, Alexander Barrett – Counsel for Defendants

Brooks, Roger G. – Counsel for Defendants

Bryan, Hon. Chad W. – U.S. Magistrate Judge

Buck, Brannon Jeffrey – Counsel for Respondent

Burke, Hon. Liles C. – U.S. District Judge

Carr, Danny – Defendant

Charles, Carl Solomon – Respondent

Cooper & Kirk, PLLC – Counsel for Defendants

Copeland Franco Screws & Gill – Counsel for Respondent

Crocker, Champ – Defendant

Davis, James William – Counsel for Defendants

Dominick Feld Hyde, P.C. – Counsel for Respondent

Doss, Jeffrey P. – Respondent / Appellant

Driver, Christopher B. – Counsel for Respondent

Eagan, Melody H. – Respondent / Appellant

Eggleston, Warren Neil – Counsel for Respondent

Esseks, James D. – Respondent

Farella Braun & Martell LLP – Counsel for Respondent

Faulks, LaTisha Gotell – Respondent

Frampton, Henry W. IV – Counsel for Defendants

Franklin, Samuel H. – Counsel for Respondent

GLBTQ Legal Advocates & Defenders – Counsel for Plaintiffs

Hartnett, Kathleen Roberta – Respondent

Holliday, Shannon Lynn – Counsel for Respondent

Human Rights Campaign Foundation – Counsel for Plaintiffs

Jenner & Block LLP – Counsel for Respondent

King & Spalding – Counsel for Plaintiffs

King, Mark Christian – Counsel for Respondent

Kirkland & Ellis LLP – Counsel for Respondent

LaCour Jr., Edmund Gerard – Counsel for Defendants

Levi, Jennifer L. – Respondent

Lightfoot, Franklin & White LLC – Counsel for Respondent

Marshall, Steve – Defendant

McCoy, Scott D. – Respondent

McKay, Charles A. – Counsel for Defendants

Mills, Christopher Ernest – Counsel for Defendants

Minter, Shannon – Respondent

National Center for Lesbian Rights – Counsel for Plaintiffs

Office of the Alabama Attorney General – Counsel for Defendants

Orr, Asaf – Respondent

Otterberg, April A. – Counsel for Respondent

Pacheco, Byron – Counsel for Respondent

Patterson, Peter A. – Counsel for Defendants

Peterson, Misty L. – Counsel for Plaintiffs

Prater IV, Harlan I. – Counsel for Respondent

Pratt, James Andrew – Counsel for Plaintiffs

Proctor, Hon. R. David – U.S. District Judge

Ragsdale, Barry Alan – Counsel for Respondent

Ramer, John D. – Counsel for Defendants

Reinke, Adam – Counsel for Plaintiffs

Rogers, Bruce Frederick – Counsel for Respondent

Schoenberg, Anthony Paul – Counsel for Respondent

Sechler, Philip A. – Counsel for Defendants

Segall, Robert David – Counsel for Respondent

Seiss, Benjamin Matthew – Counsel for Defendants

Shortnacy, Michael B. – Respondent

Soto, Diego Armando – Counsel for Plaintiffs

Southern Povery Law Center – Counsel for Plaintiffs

Spero Law LLC – Counsel for Defendants

Stoll, Christopher F. – Counsel for Plaintiffs

Stone, Jessica Lynn – Counsel for Plaintiffs

Tarbox, James H. – Defendant

Terenzi, Elizabeth Nicholson – Counsel for Respondent

Thompson, David H. – Counsel for Defendants

Ugai, John Michael – Counsel for Respondent

Unikowsky, Adam Granich – Counsel for Respondent

Vague, Amie A. – Counsel for Plaintiffs

Vance III, Robert Smith – Counsel for Respondent

Ventiere, Jessica – Defendant

Warbelow, Sarah – Counsel for Plaintiffs

Watkins, Hon. William Keith – U.S. District Judge

Weaver, Cynthia Cheng-Wun – Counsel for Plaintiffs

Whelan, Amy – Counsel for Plaintiffs

Wilson, Thomas Alexander – Counsel for Defendants

# APPELLANTS MELODY H. EAGAN AND JEFFREY P. DOSS' RESPONSE TO JURISDICTIONAL QUESTION

Appellants Melody H. Eagan and Jeffrey P. Doss file this response to the Court's April 29 Jurisdictional Question asking the parties to address whether the "appeals from the district court's February 25, 2025, order are taken from a final or otherwise appealable order given that the private plaintiffs' claims are still pending." Since the Court issued this question, the parties in this matter, *Boe v. Marshall*, dismissed the case. *See* D.Ct. Dkt. 737. Accordingly, under Federal Rule of Appellate Procedure 4(a)(2), the original notice of appeal should be treated as filed after the dismissal, and the jurisdictional question is now moot: "A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."

In an abundance of caution, Appellants Eagan and Doss filed an amended notice of appeal in the District Court after the parties dismissed the action. *See* D.Ct. Dkt. 741. Therefore, in the alternative, the Court should treat the Amended Notice of Appeal as the operative notice, and the case should proceed.

1

Even if the case had not been dismissed and even if Appellants had not filed an amended notice of appeal, this Court would have jurisdiction because this is an appeal of a sanctions order (D.Ct. Dkt. 711) that was wholly separate from the merits of this case, and which had an immediate impact well beyond this case. The order required Appellants to take immediate action by providing a copy of the Sanctions Order to the court in every case in which they were currently engaged, thereby affecting cases in other courts and causing irreparable harm to Appellants. It also immediately disqualified Appellants from further participation in the civil case in which the sanctions order was entered and ordered the Clerk to serve a copy of the order on various state bars and on "any other applicable licensing authorities for further investigation and, if necessary, disciplinary action." The sanctions order was the result of a separate disciplinary inquiry into Appellants and others, which was initiated and investigated in a separate, sealed case opened by the judicial panel conducting a grand-jury style investigation. *See In re Vague*, No. 2:22-mc-3977 (M.D. Ala. May 10, 2022). No final order was entered in that case, but the Sanctions Order in the civil case arose from that separate investigation.

For these reasons, the sanctions order was appealable under the practical finality doctrine, which "permit[s] appellate review of an interim order that directs 'immediate delivery of physical property and subjects the losing party to irreparable harm' if review is postponed until entry of final judgment." *LaTele Television, C.A. v. Telemnudo Communications Group, LLC,* 2016 WL 6471201, at * 4 (11th Cir. May 26, 2016) *(citing In re Martin Bros. Toolmakers, Inc.*, 796 F.2d 1435, 1437 (11th Cir. 1986)). Appellants have a property interest in their ability to practice law in other jurisdictions, and their ability to practice law in general, which is directly threatened by the unusual sanctions order entered here. Given the Order's requirement that Appellants immediately notify all clients and all courts in which they have pending matters (and the suggestion that they be immediately referred to state licensing boards for disciplinary action), irreparable harm would have occurred if review were postponed.

Accordingly, this Court has jurisdiction because (1) the case below is now concluded, permitting this Court to treat the original notice of appeal as filed as of the dismissal; (2) in the alternative, Appellants have filed a timely amended notice of appeal; and (3) the sanctions order is appealable because it conclusively resolves an important issue completely

3

separate from the merits of the underlying action and is causing Appellants irreparable harm.

Undersigned counsel has conferred with the Office of the Attorney General for the State of Alabama, counsel for the Defendants in the *Boe* matter, who take no position on this matter.

Respectfully submitted,

| | |
|---|---|
| Richard Klugh<br>Jennifer Wilson<br>KLUGH WILSON<br>40 NW Third Street, PH 1<br>Miami, Florida 33128<br>Tel: (305) 536-1191<br>rickklu@aol.com<br>jw.klughlaw@gmail.com<br><br>Robert B. Remar<br>SMITH GAMBRELL &<br>RUSSELL, LLP<br>1105 West Peachtree Street NE<br>Suite 1000<br>Atlanta, Georgia 30309<br>Tel: (404) 815-3568<br>rremar@sgrlaw.com<br>Georgia Bar No. 600575 | David Oscar Markus*<br>MARKUS/MOSS PLLC<br>40 NW Third Street, PH 1<br>Miami, Florida 33128<br>Tel: (305) 379-6667<br>markuslaw.com<br><br>By: /s/ David Oscar Markus<br>David Oscar Markus<br>Florida Bar No. 119318<br>dmarkus@markuslaw.com<br><br>*Counsel of record for Appellants Eagan and Doss* |

# FRAP 32(g) CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(A), I hereby certify that the foregoing motion contains 669 words, excluding those parts exempted by Fed. R. App. P. 32(f). It further complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6), as it has been prepared in a proportionally-based typeface using Microsoft Word, Times New Roman 14-point font.

/s/ David Oscar Markus
David Oscar Markus

# CERTIFICATE OF SERVICE

I certify that, on May 12, 2025, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system and that notice of such filing was made through the CM/ECF system or by U.S. mail, postage prepaid, to all counsel of record.

/s/ David Oscar Markus
David Oscar Markus