# KIRKLAND & ELLIS LLP

W. Neil Eggleston
To Call Writer Directly:
+1 202 389 5016
neil.eggleston@kirkland.com

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 617 385 7501

May 13, 2025

David J. Smith
Clerk of Court
Eleventh Circuit Court of Appeals
Elbert Parr Tuttle Court of Appeals Building
56 Forsyth Street, N.W.
Atlanta, GA 30303

> Re: *Carl Charles, et al. v. Attorney General, State of Alabama, et al.*,
> No. 25-10973-GG

Dear Clerk Smith:

This letter responds to the Court's jurisdictional question asking Appellant Carl Charles to address whether the "appeals from the district court's February 25, 2025, order are taken from a final or otherwise appealable order given that the private plaintiffs' claims are still pending." Dkt. No. 26.

The District Court's order of February 25, 2025 (the "Order") is a final, appealable order as to Carl Charles ("Mr. Charles") because the only action in which he was a party or counsel was disposed of by the entry of the District Court's

February 25, 2025 Order.[1]  Mr. Charles appeared as counsel only in *Walker*, *which was voluntarily dismissed* on April 18, 2022.  Mr. Charles was a party respondent only in *Vague*, the sanctions proceedings out of which this appeal arises.  Mr. Charles was never counsel or a party in *Boe*.  As a result, Mr. Charles' appeal from the sanctions entered by the District Court did not have to await a final order in *Boe*.[2]

The post-*Walker* sanctions proceedings against Mr. Charles were initiated *sua sponte* by a specially-designated three-judge panel, wholly independent of the underlying litigation in *Walker*, and were conducted after *Walker* had been voluntarily dismissed and the District Court's jurisdiction over the merits had ended. The subsequent inquiry into alleged "judge-shopping," which began before the *Vague* Panel and culminated in the Order, was a discrete, self-contained proceeding

---

[1] The Order is docketed in the Middle District of Alabama under *Boe v. Marshall* at No. 2:22-cv-184-LCB-CWB ("*Boe*"), which was previously designated as *Eknes-Tucker v. Ivey*, No. 2:22-cv-184-RAH-SRW ("*Eknes-Tucker*").  But the procedural history as to Mr. Charles' involvement intersects with other district court cases, including two in the Northern District of Alabama under *Walker v. Marshall* at No. 5:22-cv-480-LCB ("*Walker*") and *Ladinsky v. Ivey* at No. 5:22-cv-447-LCB ("*Ladinsky*"), one in the Middle District of Alabama under *Corbitt v. Taylor*, No. 2:18-cv-0091-MHT-SMD (M.D. Ala.) ("*Corbitt*"), as well as a multidistrict judicial panel (the "Panel") under *In re Vague* at No. 2:22-mc-3977 ("*Vague*").  This letter addresses that intersection where relevant.

[2] As noted below, subsequent to the filing of Mr. Charles' Notice of Appeal, the *Boe* parties stipulated dismissal, with prejudice.

that resolved all issues as to Mr. Charles and left nothing further for the District Court to adjudicate regarding his conduct. The Order is a final, appealable decision as to Mr. Charles under 28 U.S.C. § 1291 because it determined the sanctions issue and imposed immediate, concrete obligations on him.

The procedural complexity and the fact that these proceedings were conducted under dockets other than *Walker* do not undermine the finality of the Order as to Mr. Charles, whose only substantive participation was in *Walker* and whose subsequent involvement in *Vague* and *Boe* was solely the result of an inquiry process initiated by the Alabama district courts, not his voluntary litigation conduct. Although the merits litigation proceeded in *Boe* at the same time as the Panel's inquiry in *Vague*, Mr. Charles never had any role as an attorney in *Boe*. He never represented any party in *Boe*, nor did he file a notice of appearance in *Boe*. Indeed, *Boe* was filed after *Walker*, the only case where Mr. Charles appeared as an attorney for the plaintiffs, was dismissed.

Moreover, even if the Court determines that Mr. Charles' current appeal is interlocutory and must be dismissed, the parties in *Boe* stipulated to voluntarily dismiss that case on May 1, 2025. *Boe*, Dkt. No. 77. As a result, any concern about

the finality of *Boe* is now moot.  Given the Court's pending jurisdictional question as to the instant appeal, Mr. Charles plans to file a protective notice of appeal from the May 1, 2025, stipulated dismissal of *Boe*, in the event that this Court does not resolve the jurisdictional question before Mr. Charles' time to appeal the stipulated dismissal expires.  After this Court rules on whether the current appeal is proper— or gives any other guidance—Mr. Charles can dismiss whichever appeal is not operative.

        1.        **<u>The Procedural History Related to Carl Charles.</u>**

        (a)        **Carl Charles Only Substantively Participated in *Walker*.**

The circumstances giving rise to this appeal began in early April 2022, as Alabama's Vulnerable Child Compassion and Protection Act ("S.B. 184") was set to take effect, when a coalition of lawyers mobilized to represent Alabama families in challenging the law's constitutionality.  Mr. Charles was then a junior attorney with Lambda Legal, which, along with the American Civil Liberties Union ("ACLU"), the ACLU of Alabama, the Transgender Law Center, and Cooley LLP

(collectively, the "Walker Team"), represented two transgender minors and their parents.

On April 11, 2022, the Walker Team filed a complaint in the Middle District of Alabama. *Walker*, Dkt. No. 1. Twenty-one lawyers, including Mr. Charles, signed the complaint. *Id.* Following the transfer of the case to the Northern District, the Walker Team filed a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) on April 15, 2022. *Walker*, Dkt. No. 23. On April 18, the Hon. Liles C. Burke issued an order, *inter alia*, directing "the Clerk of Court to close this case." *Walker*, Dkt. No. 24 at 3. Concerned that the actions of the *Ladinksy* and *Walker* plaintiffs "could give the appearance of judge shopping," Judge Burke also directed that the order be made available to the Chief Judges and Clerks for the Northern, Middle, and Southern Districts of Alabama. *Id.* at 3–4.

By way of context regarding the "judge shopping" concern, on the same day that the Walker Team filed their notice of dismissal, so too did a separate group of plaintiffs' lawyers in *Ladinsky* (the "Ladinsky Team"). Although the Walker Team and the Ladinsky Team thereafter considered joining together to litigate a single case together after both dismissed their cases, that plan did not materialize. Instead, the

Ladinsky Team pressed ahead—alone. On April 19, the Ladinsky Team filed a new complaint, *Eknes-Tucker*, with new plaintiffs challenging S.B. 184, which was also assigned to Judge Burke, and later re-styled as *Boe*. The Ladinsky Team—now representing the *Boe* plaintiffs—sought injunctive relief to prevent enforcement of the Act, which Judge Burke granted, in part. *Boe*, Dkt. No. 107. On remand following an appeal to this Court, the District Court stayed the case, in part, pending a decision in a related case before the United States Supreme Court. *Boe*, Dkt. No. 633. On May 1, 2025, the parties in *Boe* filed a "Joint Stipulation of Dismissal" pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). *Boe*, Dkt. No. 737.

> **(b)  The District Court's *Sua Sponte* Actions—Not Carl Charles' Conduct—Led to His Involvement in Subsequent Proceedings.**

In response to the order closing *Walker*, the Chief Judges of the three Alabama districts convened a three-judge Panel—composed of Senior U.S. District Judge W. Keith Watkins, Chief U.S. District Judge R. David Proctor, and Chief U.S. District Judge Jeffrey U. Beaverstock—to investigate "whether there was any attempt to circumvent the random case assignment procedures of the United States District Courts for the Northern District of Alabama and the Middle District of Alabama." *Vague*, Dkt. No. 1 at 6. The order began an inquiry into the conduct of the thirty-

nine lawyers in both *Walker* and *Ladinsky*. The Panel conducted evidentiary hearings, received written declarations, and heard testimony from the attorneys involved. These hearings included colloquies with Mr. Charles on May 20 and August 3, 2022, which form the basis of findings in the Order that Mr. Charles now appeals.

Nearly a year and a half after the Chief Judges convened the Panel, the Panel issued a "Final Report of Inquiry." *Vague*, Dkt. No. 70. The Panel directed that a copy of the Report be served on the Chief Judges for the Northern and Middle Districts of Alabama as well as Judge Burke "so he may proceed as appropriate." *Vague*, Dkt. No. 70 at 52. Finally, the Panel directed the Clerk to close *Vague*. *Id.*

Mr. Charles, among others, appealed the Final Report of Inquiry to this Court. *Vague*, Dkt. No. 86; *see In re Esseks*, No. 23-13524 (11th Cir.) ("*Esseks*"). The Panel reopened *Vague* to (1) clarify that, despite its title, the Final Report of Inquiry was not in fact a final decision and (2) direct the Clerk "to transfer this case to Judge Burke for further proceedings. Those proceedings may include, but are not limited to, accepting, rejecting, or modifying in whole or in part the Panel's findings and making additional findings of fact as necessary." *Vague*, Dkt. No. 99. Given the

clarification that the Final Report was not a final decision, the Appellants dismissed their appeal. *Vague*, Dkt. No. 105; *Esseks*, Dkt. No. 11.

On February 21, 2024, Judge Burke issued orders to show cause to Mr. Charles (and others) "why they should not be sanctioned for the misconduct outlined in the Final Report of Inquiry and detailed further below." *Boe*, Dkt. No. 406 at 2. Although Mr. Charles was not counsel to any party and otherwise had no prior involvement in *Boe*, the District Court docketed the show-cause order in *Boe*. On May 1, Judge Burke issued a supplemental show-cause order to Mr. Charles. *Boe*, Dkt. No. 481. On May 13, Mr. Charles responded to the show-cause order in writing, *Boe*, Dkt. Nos. 517–18, and testified in person on June 28. *Boe*, Dkt. No. 642.

On February 25, 2025, the District Court issued the Order imposing sanctions on Mr. Charles, which is the subject of this appeal. *Boe*, Dkt. No. 711. The Order found that certain lawyers on the Ladinsky Team, including Appellants Melody Eagan and Jeffery Doss, attempted to manipulate the random case-assignment process. *Id.* at 144. The Order made no such finding with respect to the Walker Team, or Mr. Charles. Rather, the District Court found that Mr. Charles' recollection

about a courtesy call he placed to Judge Thompson's chambers lacked candor.  As a result, the District Court imposed the following sanctions against Mr. Charles:

- $5,000 monetary fine;

- Referrals to the Department of Justice and state bar associations; and

- Public reprimand requiring Mr. Charles to provide a copy of the order to his clients, opposing counsel, the presiding judge in every state or federal case in which he is counsel of record, as well as to every attorney in his law firm.  *Boe*, Dkt. No. 229.

*Id.* at 224–25.  Mr. Charles complied with the Order.  *Boe*, Dkt. No. 715.  On March 25, Mr. Charles filed a notice of appeal with this Court.  *Boe*, Dkt. No. 726; *Charles v. Attorney General, State of Alabama*, No. 25-10973, Dkt. No. 1.

## 2.     The District Court's Order is Final.

Despite the convoluted and novel procedural history, the fact remains clear that the District Court's Order is a final decision for Mr. Charles, thereby conferring jurisdiction on this Court.  28 U.S.C. § 1291; *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 200 (1999) ("Federal courts of appeals ordinarily have jurisdiction over appeals from 'final decisions of the district courts.'").  Section 1291 instructs that a final decision is "one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979,

986 (11th Cir. 2022).  Although the statute applies both to rulings "that terminate an action [and] to postjudgment decisions," *id.* (internal citations omitted), a final decision is "less than clear" in postjudgment proceedings because they "necessarily follow" a final ruling.  *Id.* at 987.  An order is nonetheless an appealable final decision when the order "finally dispose[s] of the question . . . raised by the post-judgment motion," and there are "no pending proceedings raising related questions." *Id.* (quoting 15B Charles Alan Wright et al., Fed. Prac. & Proc. § 3916 (rev. 2d ed. 2021)).  In either instance, finality under Section 1921 is given a "practical rather than a technical construction."  *Perez v. Owl, Inc.*, 110 F.4th 1296, 1302 (11th Cir. 2024) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).

The District Court's Order "finally disposes" of the legal ethics questions that the *Vague* Panel was convened to address with regard to Mr. Charles.  *Acheron*, 22 F.4th at 987.  This Order's finality is especially true for Mr. Charles, whose inclusion on the *Boe* docket is wholly incidental.  Importantly, Mr. Charles has no relationship with any party in *Boe*—he did not represent any party in *Boe,* nor did he ever enter a notice of appearance in *Boe*.  His conduct was not under review for any action he took as an attorney litigating the merits of *Boe.*

### 3. Although Judge Burke's Order Is Final, Mr. Charles Will File a Protective Notice of Appeal if Necessary.

After the Court issued the jurisdictional question, the *Boe* parties stipulated to dismiss the case on May 1, 2025. *Boe*, Dkt. No. 737. Accordingly, even if this Court finds that Mr. Charles' initial notice of appeal was interlocutory and premature, there is no doubt that *Boe* is now final, and Mr. Charles can appeal the Order.

Generally, a prematurely filed notice of appeal "is treated as filed on the date of and after the entry" of the final decision. *See* Fed. R. App. P. 4(a)(2) & 4(b)(1). However, in the event that this Court does not rule on the jurisdictional question prior to the expiration of Mr. Charles' time to appeal the May 1, 2025 dismissal, Mr. Charles intends to file a protective notice of appeal within 30 days of the dismissal of *Boe*.[3]

\*\*\*

Despite the procedural complexity of this matter, the core point remains clear: the Order at issue is a final, appealable decision as to Mr. Charles. The District

---

[3] Although the parties in *Boe* stipulated to dismissal on May 1, 2025, the District Court has not yet acted on the stipulation, and the Clerk has not formally closed the case, as of the date of this filing. *See* Fed. R. Civ. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document[.]").

David J. Smith
May 13, 2025
Page 12

Court's judge-shopping inquiry, initiated *sua sponte* and conducted independently of the underlying merits litigation, has been fully resolved. Mr. Charles' only substantive participation was in *Walker*, and his subsequent entanglement in *Boe* was a byproduct of a unique, court-initiated inquiry and subsequent procedure. The Order leaves no unresolved issues and imposes concrete, immediate sanctions, thus meeting the standard for finality under § 1291. Moreover, the parties in *Boe* have now stipulated to its dismissal. Regardless of the source of finality, Mr. Charles is subject to a final order investing this Court with jurisdiction over his appeal.

Sincerely,

/s/ W. Neil Eggleston
W. Neil Eggleston (NYB-2085082)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5016
neil.eggleston@kirkland.com

Barry A. Ragsdale (ASB-2958-A38B)
Robert S. Vance (ASB-8816-B11Q)
DOMINICK FELD HYDE, PC
1130 22nd Street South, Suite 4000
Birmingham, AL 35205
Tel.: (205) 536-8888
bragsdale@dfhlaw.com
rvance@dfhlaw.com

Mark D. Hochberg (MAB-709270)
KIRKLAND & ELLIS LLP
200 Boylston Street
Boston, MA 02116
Tel.: (617) 385-7500
Mark.hochberg@kirkland.com

*Counsel for Appellant Carl Charles*

**CERTIFICATE OF SERVICE**

I certify that, on May13, 2025, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system and that notice of such filing was made through the CM/ECF system or by U.S. mail, postage prepaid, to all counsel of record.

<u>/s/ W. Neil Eggleston</u>
W. Neil Eggleston

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 to 26.1-3, Counsel certifies that the following persons and entities may have an interest in the outcome of this case:

1.      Academic Pediatric Association, Amicus;

2.      Adair, Robert Brett, of Adair Law Firm, LLC, Counsel for Respondents;

3.      Aderholt, Caroline M., Amicus;

4.      Aderholt, Hon. Robert B., Amicus;

5.      Advancing American Freedom, Inc., Amicus;

6.      Agricola, Algert Swanson, of Agricola Law, Counsel for Amicus;

7.      Alabama Center for Law and Liberty, Amicus;

8.      Alabama Chapter of the American Academy of Pediatrics, Amicus;

9.      Alabama Citizen's Action Program, Respondents;

10.     America First Legal Foundation, Amicus;

11.     American Academy of Child and Adolescent Psychiatry, Amicus;

12.     American Academy of Family Physicians, Amicus;

13.     American Academy of Nursing, Amicus;

14.     American Academy of Pediatrics, Amicus;

15.    American Association of Physicians for Human Rights, Inc., d/b/a GLMA, Amicus:

16.    American Civil Liberties Union Foundation, Respondent;

17.    American Civil Liberties Union of Alabama, Respondent;

18.    American Civil Liberties Union of South Carolina, Respondent;

19.    American Civil Liberties Union, Respondent;

20.    American College of Obstetricians and Gynecologists, Amicus;

21.    American College of Osteopathic Pediatricians, Amicus;

22.    American College of Physicians, Amicus;

23.    American Family Association, Inc., Amicus;

24.    American Medical Association, Amicus;

25.    American Pediatric Society, Amicus;

26.    American Psychiatric Association, Amicus;

27.    Americans United for Life, Amicus;

28.    Arnold & Porter, Counsel for Respondents;

29.    Assaf, Eugene, of Kirkland & Ellis LLP, Counsel for Respondents;

30.    Association of American Medical Colleges, Amicus;

31.    Association of Medical School Pediatric Department Chairs, Amicus;

32.    Austin, Heather, Plaintiff;

33.     Austin, Sarah K., of GLBTQ Legal Advocates & Defenders, Counsel for Plaintiff;

34.     Axon, Hon. Annemarie, U.S. District Judge for the Northern District of Alabama;

35.     Badham & Buck, LLC, Counsel for Respondents;

36.     Baia, Elizabeth, of Covington & Burling, LLP, Counsel for Amicus;

37.     Bailey, Daryl D., Defendant;

38.     Bainbridge Mims Rogers & Smith LLP, Counsel for Respondents;

39.     Balkoski, Katherine, of Farella Braun + Matel LLP, Counsel for Respondents;

40.     Barnes, Brian Wesley, of Cooper & Kirk, PLLC, Counsel for Defendants;

41.     Barr, Andrew Daniel, of Cooley LLP, Counsel for Respondents;

42.     Beaverstock, Hon. Jeffrey Uhlman, U.S. District Judge for the Southern District of Alabama;

43.     Benson-Oladeinbo, Gilbert Olusegun, of Quinn Emanuel Urquhart & Sullivan, LLP, Counsel for Plaintiff;

44.     Berg, Rachel H., of National Center for Lesbian Rights, Counsel for Plaintiff;

45.     Boe, Brianna, Plaintiff;

46.     Borelli, Tara, Respondent;

47.     Bowdre, Alexander, of State of Alabama, Office of Attorney General, Counsel for Defendants;

48.     Brooks, Mo, Amicus;

49.     Brooks, Roger, of Alliance Defending Freedom, Counsel for Defendants;

50.    Brown, Chip, Amicus;

51.    Broyles, Vernadette, of Child & Parental Rights Campaign, Counsel for Defendants;

52.    Bryan, Hon. Chad W., U.S. Magistrate Judge for the Middle District of Alabama;

53.    Buck, Brannon Jeffery, of Badham & Buck, LLC, Counsel for Respondents;

54.    Burke, Hon. Liles C., U.S. District Judge for the Northern District of Alabama;

55.    Cantrell, Michael A., State of Arkansas, Office of the Attorney General, Counsel for Amicus;

56.    Capone, Russell, of Cooley LLC, Counsel for Respondents;

57.    Cardinal Institute for West Virginia Policy, Amicus;

58.    Carl, Jerry L., Amicus;

59.    Carr, Danny, Defendant;

60.    Center for Arizona Policy, Amicus;

61.    Center for Family and Human Rights, Amicus;

62.    Charles, Carl Solomon, Appellant;

63.    Citizens United Foundation, Amicus;

64.    Citizens United, Amicus;

65.    Concerned Women for America, Amicus;

66.    Coogler, Hon. L. Scott, U.S. District Judge for the Northern District of Alabama;

67.    Cooley LLP, Respondent;

68.    Copeland Franco Screws & Gill, PA, Counsel for Respondents;

69.    Cornelius, Hon. Staci Proctor, U.S. Magistrate Judge for the Northern District of Alabama;

70.    Crocker, Champ, Defendant;

71.    Davis, James William, of the State of Alabama, Office of Attorney General, Counsel for Defendants;

72.    Dominick Feld Hyde, P.C., Counsel for Appellant;

73.    Doss, Jeffrey P., of Lightfoot, Franklin & White LLC, Counsel for Respondents;

74.    Driver, Christoper, of Badham & Buck LLC, Counsel for Respondents;

75.    Eagan, Melody Hurdle, Counsel Appellant;

76.    Eagle Forum of Alabama, Non-party Movant;

77.    Eggleston, Warren Neil, of Kirkland & Ellis LLP, Counsel for Appellant;

78.    Egyes, Lynly Serena, Respondent;

79.    Elliot, T. Christopher, Amicus;

80.    Esseks, James D., Respondent;

81.    Faith & Freedom Coalition, Amicus;

82.    Farella Braun & Martell LLP, Counsel for Respondents;

83.    Faulks, LaTisha Gotell, Respondent;

84.    Foundation for Moral Law, Amicus;

85. Frampton, Henry, of Alliance Defending Freedom, Counsel for Defendants;

86. Franklin, Samuel, of Lightfoot Franklin & White LLC, Counsel for Respondents;

87. Free Speech Coalition, Amicus;

88. Frontline Policy Council, Amicus;

89. Gardner, Christopher J., of The Hilbert Law firm, LLC, Counsel for Amicus;

90. GLBTQ Legal Advocates & Defenders, Counsel for Plaintiffs;

91. Goldberg, Noah Shea, Covington & Burling, LLP, Counsel for Amicus;

92. Graham, John Mark, Phelps Dunbar, LLP, Counsel for Amicus;

93. Gray, C. Boyden, Boyden Gray & Associates, Counsel for Amicus;

94. Hartnett, Kathleen Roberta, Respondent;

95. Health Professionals Advancing LGBTQ Equality, Amicus;

96. Helstrom, Zoe, Respondent;

97. Hilbert, Kurt R., of The Hilbert Law firm, LLC, Counsel for Amicus;

98. Holliday, Shannon Lynn, of Copeland Franco Screws & Gill, PA, Counsel for Respondents;

99. Huffaker, Hon. R. Austin, U.S. District Judge for the Middle District of Alabama;

100. Human Rights Campaign Foundation, Counsel for Plaintiffs;

101. Ialacci, Brett, of Badham & Buck, LLC, Counsel for Respondents;

102. Independent Women's Forum, Amicus;

103.    Inglehart, Milo, Non-party Movant;

104.    Isasi, William, of Covington & Burling, LLP, Counsel for Amicus;

105.    Jacobs, Dylan L., of King Street Legal, PLLC, Counsel for Amicus;

106.    Jauregui, Phillip Leo, Jauregui, LLC, Counsel for Amicus;

107.    Jenner & Block LLP, Counsel for Respondents;

108.    John Locke Foundation, Amicus;

109.    Johnston, Alan Eric, Counsel for Non-party Movant;

110.    Jordan, Albert Linch, Wallace Jordan Ratliff & Brandt LLC, Counsel for Amicus;

111.    Judicial Watch, Inc., Amicus;

112.    Kang, Katelyn, of Cooley LLP, Respondent;

113.    Katz, Adam, of Cooley LLP, Respondent;

114.    King & Spalding LLP, Counsel for Plaintiffs;

115.    King, Mark Christian, of Lightfoot Franklin & White LLC, Counsel for Respondent;

116.    Kirkland & Ellis LLP, Counsel for Appellant;

117.    Koe, Rachel, Plaintiff;

118.    Kutcher, Matthew, of Cooley LLP, Counsel for Respondents;

119.    Lacour, Edmund Gerard, Jr., of the State of Alabama, Office of Attorney General, Counsel for Defendants;

120.    Lambda Legal, Respondent;

121.	Lannin, Cortlin Hall, of Covington & Burling, LLP, Counsel for Amicus;

122.	Lanosa, Michael J., of Covington & Burling, LLP, Counsel for Amicus;

123.	Lareau, Alyssa C., of the United States Department of Justice, Counsel for Intervenor-Plaintiff;

124.	Lee, Bethany, of the State of Alabama, Office of Attorney General, Counsel for Defendants;

125.	Levi, Jennifer, Respondent;

126.	Lightfoot Franklin & White LLC, Counsel for Appellants;

127.	Louisiana Family Forum, Amicus;

128.	Madden, Wendy, of Balch & Bingham LLP, Counsel for Amicus;

129.	Manasco, Hon. Anna, U.S. District Judge for the Northern District of Alabama;

130.	Manhattan Institute, Amicus;

131.	Marks, Hon. Emily, U.S. District Judge for the Middle District of Alabama;

132.	Marshall, Margaret Lester, of the United States Department of Justice, Counsel for Intervenor-Plaintiff;

133.	Marshall, Steve, Defendant;

134.	Mauldin, Dylan, of the State of Alabama, Office of Attorney General, Counsel for Defendants;

135.	Maynard Nexsen PC, Counsel for Respondents;

136.	McCotter, Trent R., of Boyden Gray & Associates, Counsel for Amicus;

137.	McCoy, Scott Daniel, of the Southern Poverty Law Center, Respondent;

138. McKay, Charles, of the State of Alabama, Office of Attorney General, Counsel for Defendants;

139. Melchert, Dale, Respondent;

140. Mendenhall, Allen, Amicus;

141. Meyers, Max Lewis, of the United States Department of Justice, Counsel for Intervenor-Plaintiff;

142. Michigan Family Forum, Amicus;

143. Mills, Christopher, of Spero Law LLC, Counsel for Defendants;

144. Minter, Shannon, Respondent;

145. Moe, April, Plaintiff;

146. Moe, Robert, Plaintiff;

147. Montag, Coty Rae, of the United States Department of Justice, Counsel for Intervenor-Plaintiff;

148. Mooney, Arnold, Amicus;

149. Moore, Barry, Amicus;

150. Mor, Yuval, of Covington & Burling, LLP, Counsel for Amicus;

151. Mountain States Legal Foundation, Amicus;

152. Murphy, Amie, of the United States Department of Justice, Counsel for Intervenor-Plaintiff;

153. National Association of Pediatric Nurse Practitioners, Amicus;

154. National Center for Lesbian Rights, Counsel for Plaintiffs;

155.  National Republican Redistricting Trust, Amicus;

156.  Noe, Christopher, Plaintiff;

157.  Noe, Kathy, Plaintiff;

158.  Nowlin-Sohl, Lisa, Respondent;

159.  Oklahoma Council of Public Affairs, Amicus;

160.  Olson, William J., of William J. Olson, PC, Counsel for Amicus;

161.  Orr, Asaf, of National Center for Lesbian Rights, Respondent;

162.  Otterberg, April A., of Jenner & Block LLP, Counsel for Respondents;

163.  Pacheco, Byron, of Kirkland & Ellis LLP, Counsel for Respondents;

164.  Palmer, Gary, Amicus;

165.  Parental Rights Foundation, Amicus;

166.  Parsons, Abby, of Arnold & Porter, Counsel for Plaintiff;

167.  Patterson, Peter, of Cooper & Kirk, PLLC, Counsel for Defendants;

168.  Pediatric Endocrine Society, Amicus;

169.  Pelet Del Toro, Valeria, of Cooley LLP, Respondent;

170.  Pennsylvania Family Council, Amicus;

171.  Peterson, Misty L., of King & Spalding LLP, Respondent;

172.  Picasso, Malita, of the American Civil Liberties Union, Respondent;

173.  Poe, Allison, Plaintiff;

174.  Poe, Megan, Plaintiff;

175. Prater, Harlan Irby, IV, of Lightfoot Franklin & White LLC, Counsel for Respondents;

176. Pratt, James Andrew, of King & Spalding LLP, Counsel for Plaintiffs;

177. Private Citizen, Amicus;

178. Proctor, Hon. R. David, U.S. Judge for the Northern District of Alabama;

179. Protect Our Kids, Amicus;

180. Public Interest Legal Foundation, Amicus;

181. Quinn Emanuel Urquhart & Sullivan, LLP, Counsel for Plaintiffs;

182. Ragsdale, Barry Alan, of Dominick Feld Hyde, P.C., Counsel for Appellant;

183. Ramer, John, of Cooper & Kirk, PLLC, Counsel for Defendants;

184. Ray, Brent P., of Arnold & Porter, Counsel for Plaintiffs;

185. Reinke, Adam, of King & Spalding, LLP, Counsel for Plaintiff;

186. Roe, Melissa, Plaintiff;

187. Roe, Rebecca, Plaintiff;

188. Rogers, Bruce Frederick, of Bainbridge Mims Roers & Smith, LLP, Counsel for Respondents;

189. Rogers, Mike, Amicus;

190. Saldana, Robby, Respondent;

191. Schoenberg, Anthony Paul, of Farella Braun & Martel LLP, Counsel for Respondents;

David J. Smith
May 13, 2025
Page 26

192. Sechler, Philip Andrew, of the Alliance Defending Freedom, Counsel for Defendants;

193. Segall, Robert, of Copeland Franco Screws & Gill, Counsel for Respondents;

194. Seiss, Benjamin, of the State of Alabama, Office of Attorney General, Counsel for Defendants;

195. Shook, Hardy & Bacon L.L.P., Counsel for Plaintiffs;

196. Shortnacy, Michael B., of Shook, Hardy & Bacon LLP, Respondent;

197. Silva, Dylan M., of Covington & Burling, LLP, Counsel for Amicus;

198. Simpson, Matt, Amicus;

199. Society for Adolescent Health and Medicine, Amicus;

200. Society for Pediatric Research, Amicus;

201. Society for Pediatric Urology, Amicus;

202. Society of Pediatric Nurses, Amicus;

203. Soto, Diego Armando, of the Southern Poverty Law Center, Counsel for Plaintiffs;

204. Soto, Diego Armando, of the Southern Poverty Law Center, Respondent.

205. Southeast Law Institute, Non-party Movant;

206. Southern Poverty Law Center, Counsel for Plaintiffs;

207. State of Alabama, Office of Attorney General, Appellee;

208. State of Alaska, Amicus;

209. State of Arizona, Amicus;

210. State of Arkansas, Amicus;

211. State of Georgia, Amicus;

212. State of Indiana, Amicus;

213. State of Louisiana, Amicus;

214. State of Mississippi, Amicus;

215. State of Missouri, Amicus;

216. State of Montana, Amicus;

217. State of Nebraska, Amicus;

218. State of Oklahoma, Amicus;

219. State of South Carolina, Amicus;

220. State of Texas, Amicus;

221. State of Utah, Amicus;

222. State of West Virginia, Amicus;

223. Stoll, Christopher Francis, of the National Center for Lesbian Rights, Counsel for Plaintiffs;

224. Stone, Jessica Lynn, of the Southern Poverty Law Center, Counsel for Plaintiffs;

225. Stone, Jessica Lynn, of the Southern Poverty Law Center, Respondent;

226. Strangio, Chase, Respondent;

227. Susan B. Anthony Pro-Life America, Amicus;

228.   Swaminathan, Sruti, Respondent;

229.   Tarbox, James H., Defendant;

230.   Tea Party Patriots Action, Inc., Amicus;

231.   Tea Party Patriots Foundation, Inc., Amicus;

232.   Tennessee Eagle Forum, Amicus;

233.   Terenzi, Elizabeth Nicholson, of Bainbridge Mims Rogers & Smith LLP, Counsel for Respondents;

234.   Terry, Abigail Hoverman, of King & Spalding LLP, Counsel for Plaintiffs;

235.   Texas Public Policy Foundation, Amicus;

236.   The Buckeye Institute, Amicus;

237.   The Commonwealth Foundation for Public Policy Alternative, Amicus;

238.   The Endocrine Society, Amicus;

239.   The Family Action Council of Tennessee, Inc., Amicus;

240.   The Foundation for Governmental Accountability, Amicus;

241.   The Liberty Justice Center, Amicus;

242.   The National Right to Work Committee, Amicus;

243.   The Religious RoundTable, Inc., Amicus;

244.   Thompson, David, of Cooper & Kirk, PLLC, Counsel for Defendants;

245.   Transgender Law Center, Respondent;

246. Ugai, John Michael, of Farella Braun & Martel LLP, Counsel for Respondents;

247. Unikowsky, Adam Granich, of Jenner & Block LLP, Counsel for Respondents;

248. United States of America, Intervenor-Plaintiff;

249. Vague, Amie A., of Lightfoot Franklin & White LLC, Respondent;

250. Vance, Robert Smith, III, of Dominick Feld Hyde, P.C., Counsel for Appellant;

251. Ventiere, Jessica, Defendant;

252. Veroff, Julie, of Cooley LLP, Respondent;

253. Veta, D. Jean, of Covington & Burling, LLP, Counsel for Amicus;

254. Von Spakovsky, Hans, Amicus;

255. Wadsworth, Tim R., Amicus;

256. Waggoner, J.T., Amicus;

257. Warbelow, Sarah, of Human Rights Campaign Foundation, Respondent;

258. Watkins, Hon. William Keith, U.S. District Judge for the Middle District of Alabama;

259. Weaver, Cynthia Cheung-Wun, of the Human Rights Campaign Foundation, Respondent;

260. Welborn, Kaitlin, of Legal Aid D.C., Respondent;

261. Wheeler, Jennifer, of National Center for Lesbian Rights, Counsel for Amicus;

# KIRKLAND & ELLIS LLP

262. Wilkerson, Mark D., of Wilkerson & Bryan, P.C., Counsel for Amicus;

263. Wilson, Thomas Alexander, of Jones Day, Counsel for Defendants;

264. World Professional Association for Transgender Health, Amicus.