May 21, 2026

David J. Smith, Clerk of Court
Eleventh Circuit Court of Appeals
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

RE: *Carl Charles, et. al. v. Attorney General, State of Alabama, et. al.*
Appeal Case Number: 25-10973
District Court Number: 2:22cv-00184-LCB-CWB

Dear Mr. Smith:

Appellants Melody H. Eagan and Jeffrey P. Doss submit *Great Lakes Insurance SE v. Crabtree*, No. 23-12020 (11th Cir. May 19, 2026), as supplemental authority in support of their argument that Rule 41(a)(1)(A)(i) means precisely what it says and cannot be narrowed by judicially-created, non-textual limitations. A copy of the opinion is attached.

In *Great Lakes*, this Court reaffirmed that "Rule 41(a)(1) means precisely what it says," and that courts must "look to the plain language of the rule and read it as a whole." *Slip op.* at 7 (quoting *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1267 (11th Cir. 1999)). Critically, the Court rejected an argument that a district court could depart from Rule 41's plain text, holding that elevating "general notions of purpose over the plain meaning of the text"

MARKUS/MOSS PLLC

40 NW 3rd Street, PH 1
Miami, FL 33128
T 305 379-6667
F 305 379-6668
markuslaw.com

would be "inconsistent with our judicial duty to interpret the law as written." *Id.* (quoting *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 970 (11th Cir. 2016) (en banc)). The Court enforced the rule as written, resulting in a dismissal with prejudice because that is what the rule's text requires.

This reinforces Appellants' central argument. The district court below did precisely what *Great Lakes* forbids: it departed from Rule 41(a)(1)(A)(i)'s plain text—which grants an unconditional right to dismiss before service of an answer or summary judgment motion—and invented a non-textual exception for perceived "judge-shopping" based on the court's own policy preferences. *Great Lakes* confirms that courts have no license to do so. If Rule 41's plain text compelled a with-prejudice dismissal in *Great Lakes* even when one dismissal was by agreement and the result was inequitable to the plaintiff, then Rule 41's plain text equally forecloses sanctioning attorneys for exercising a right the rule expressly grants on behalf of their clients. Initial Br. at 33–45.

Sincerely,

/s/ David Oscar Markus
David Oscar Markus

cc: counsel for all parties