Partner
mlembke@bradley.com
(205) 521-8560 direct



May 27, 2026

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

      Re:   *Charles, et al v. Attorney General, State of Alabama*
             No. 25-10973-G

Dear Mr. Smith:

Appellee submits this in response to the Rule 28(j) letter dated May 21, 2026, submitted by Appellants Eagan and Doss.

This Court's decision in *Great Lakes Insurance SE v. Crabtree* (No. 23-12020, May 19, 2026), breaks no new ground on the meaning of Fed. R. Civ. P. 41(a)(1). While this Court has long held that "Rule 41(a)(1) means precisely what is says," *Great Lakes*, slip op. at 7 (citation omitted), the text of that rule did not empower Appellants to engage in their scheme to interfere with the judicial assignment procedures of two district courts.

As explained at length in Appellee's brief (at pages 50–66), Rule 41(a)(1) enabled the *Ladinsky* plaintiffs to dismiss their complaint one time without prejudice, and there is no question that those plaintiffs received the full benefit of those limited dismissal rights. But Rule 41(a)(1) does not address in any way (let alone endorse) the ability of the counsel who dismissed the first case under Rule 41(a)(1) to file a second action with different plaintiffs in another district as part of a contrivance to avoid the federal district judge who was assigned to the first case.

This Court in *Great Lakes* cited the Supreme Court's decision in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). *Great Lakes*, slip op. at 9. In *Cooter & Gell*, the Supreme Court made clear that a Rule 41 dismissal does not empower a lawyer to engage in "a separate abuse of

the judicial system." 496 U.S. at 398. This Court held in *In re BellSouth Corp.* that "a contrivance to interfere with the judicial assignment process constitutes a threat to the orderly administration of justice" and observed that "attempts to manipulate the random case assignment process are subject to universal condemnation." 334 F.3d 941, 958–59 (11th Cir. 2003) (citation omitted). There is no exception to the *BellSouth* rule that allows this sort of misconduct when the lawyer employs a Rule 41(a)(1) dismissal as part of the scheme.

Very truly yours,

Matthew H. Lembke
Counsel for Appellee

cc:    Counsel of record for all parties